```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/6/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

OVATION LIVE, INC., d/b/a OVATION LIVE
ENTERTAINMENT,

         Plaintiff,

v.

REVEL ENTERTAINMENT GROUP, LLC.

         Defendant.

-------------------------------------------------------------X

13 Civ. 6399 (LGS)(AJP)
(ECF)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

    Pursuant to the Stipulation contained herein by and among Plaintiff Ovation Live, Inc., d/b/a Ovation Live Entertainment; and Defendant Revel Entertainment Group, LLC; the Court hereby ORDERS as follows:

    1. The "Litigation" shall mean the above-captioned case, *Ovation Live, Inc., d/b/a Ovation Live Entertainment v. Revel Entertainment Group, LLC*, Civil Action No. 1:13-cv-06399 in the United States District Court for the Southern District of New York.

    2. "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation. A draft or non-identical copy is a separate document within the meaning of these terms.

    3. "Party" (or "Parties") shall mean one party (or all parties) in this Litigation, and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

4. All Documents and Information produced by any party or nonparty in the Litigation shall be used by the party receiving them only for the purposes of preparing for and conducting the Litigation.

5. The Parties agree that, in conjunction with discovery in this Litigation, the Parties may designate any Document, thing, material, testimony, or other Information derived therefrom as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order") that shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this Order. Confidential information is information that has not been made public and contains trade secret, proprietary and/or sensitive business or personal information.

6. CONFIDENTIAL Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL" or, if the Document is produced in native format, by including "CONFIDENTIAL" in its filename.

7. Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition or within ten (10) business days of receipt of the transcript. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also designate an entire deposition transcript as CONFIDENTIAL at the time of the deposition or within ten (10) business days of receipt of the transcript.

8. CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such information and shall not be disclosed to any person except:

(a) The United States District Court for the Southern District of New York, or any other court to which this matter may be transferred (the "Court"), and persons assisting the

2

NY 243402409v1

Court or assisting in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

(b) In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court") and persons assisting the Appellate Court or the Supreme Court or assisting in the Litigation process (including, but not limited to, Appellate and Supreme Court personnel, court reporters, stenographic reporters, videographers, and electronic filing personnel);

(c) The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(d) A Party or a current or former officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to abide by the terms and conditions of this Agreement;

(e) Subject to the terms of Paragraph 13 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

(f) Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design;

(g) Any person who counsel in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that (A) such Potential Witness shall be shown only such Confidential Material as counsel shall reasonably deem necessary to allow for full and fair exploration and presentation of information possessed by the Potential Witness and (B) such person complies with the requirements of Paragraph 13 below before receiving any CONFIDENTIAL Information; and

(h) Any other person, provided that the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to

3

said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification. In the event of an objection, the Producing Party shall have the right to move the Court for a protective order, and no disclosure shall be made pending the resolution of such motion for protective order. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraph 13 below.

9. If a witness is providing or is provided CONFIDENTIAL Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL Information leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

10. All designations of Information as CONFIDENTIAL by the Producing Party must be made in good faith.

11. A party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the party designating the disputed Information. The written notice shall identify the Information to which the objection is made. The Parties agree to meet and confer in an attempt to resolve the objection. If the Producing Party does not agree to declassify such Information, the Receiving Party may move before the Court for an order declassifying the Information. If no such motion is filed, such Information shall continue to be treated as CONFIDENTIAL. If such motion is filed, the Information shall be deemed CONFIDENTIAL Information unless and until the Court rules otherwise.

12. While protected by this Order, any Information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for

4

the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, any business or competitive purpose or use in any other lawsuit. Documents and Information previously produced by the parties may be designated "Confidential" within 30 days after the date of entry of this Order.

13. With respect to outside experts, Potential Witnesses pursuant to paragraph 8(g), or other persons pursuant to Paragraph 8(h), to become an authorized expert, Potential Witness, or other person entitled to access to CONFIDENTIAL Information, the expert, Potential Witness, or other person must be provided with a copy of this Order and must sign a certification (attached hereto as Exhibit A) acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The Party on whose behalf such a Certification is signed shall retain the original Certification.

14. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL Information to a person who created or previously received (as an addressee or by way of copy) such Information.

15. The inadvertent production of any Information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such Information. If a Producing Party produces any CONFIDENTIAL Information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received. Disclosure of such CONFIDENTIAL Information prior to the receipt of such notice shall not be deemed a violation of this Confidentiality Agreement. A Receiving Party who has disclosed such CONFIDENTIAL Information prior to the receipt of such notice shall take steps to cure

such disclosure by requesting return of the original document and substituting it with the properly marked one.

16. A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Information will be disclosed.

17. Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

18. If CONFIDENTIAL Information is contained in any brief or other paper to be filed in the public record of the Court by a Party, the Party shall file such documents under seal pursuant to the procedure set forth in (i) Section I.C.3 of Judge Schofield's Individual Rules and Procedures for Civil Cases and (ii) the Southern District of New York's Sealed Records Filing Instructions. Nothing herein shall prevent the Parties from providing courtesy copies of pleadings, briefs or memoranda containing CONFIDENTIAL Information to the Court.

19. This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

20. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL Information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Information and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information

shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

21. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained Information, including CONFIDENTIAL Information, through discovery shall, upon request, return all such Information to the Producing Party or certify as to its destruction. Counsel may retain Information, including CONFIDENTIAL information, solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival Information.

22. The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

23. In the event that a Receiving Party seeks to use CONFIDENTIAL Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as CONFIDENTIAL Information through such use. Counsel shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any Court proceedings. The Receiving Party may use such CONFIDENTIAL Information only after taking such steps as agreed to by the Parties or as the Court, upon motion of the Producing Party, shall deem necessary to preserve the CONFIDENTIAL Information's confidentiality.

24. A Producing Party's inadvertent disclosure of information or documents that are protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other immunity or privilege ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege, immunity or protection. If a Receiving Party receives a document that, on its face, appears to be a Privileged Document, and does not know it to have been intentionally produced or made available, the Receiving Party must refrain from examining the materials any more than is essential to ascertain if the materials

7

are privileged. The Receiving Party shall promptly notify the Producing Party in writing that the Receiving Party possesses material that appears to be privileged or otherwise protected from disclosure. In the event alleged Privileged Documents are inadvertently disclosed, the Producing Party may provide notice to the other parties advising of the disclosure and requesting return or destruction of the Privileged Documents. Upon such notice, the Receiving Party shall make no further use of the alleged Privileged Documents and shall promptly segregate the alleged Privileged Documents in a manner that will prevent further disclosure or dissemination of their contents. Within ten (10) days of receiving such notice of inadvertent production of Privileged Documents, the Receiving Party shall (i) return or destroy all Privileged Documents identified by the Producing Party in such notice, (ii) not use information contained in or derived from the Privileged Documents for any purpose and (iii) expunge from any other document information or material derived from the inadvertently produced Privileged Documents. If there is a dispute over whether the inadvertently produced Privileged Documents are protected from disclosure, the Privileged Documents shall be promptly returned to the Producing Party. All counsel shall confer in good faith to resolve the dispute without the Court's intervention. If the parties are unable to resolve this dispute, the Receiving Party may bring a motion to compel production of the alleged Privileged Documents. The Receiving Party may not assert as a ground for compelling production the fact or circumstance that the Privileged Documents were produced. The Privileged Documents shall continue to be treated as privileged and protected against further disclosure unless the Court orders otherwise.

25. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

STIPULATED TO BY:

| GREENBERG TRAURIG LLP | WHITE & CASE LLP |
|---|---|
| By: /s/ William C. Silverman | By: /s/ David G. Hille |
| William C. Silverman | David G. Hille |
| John J. Elliott | Kimberly A. Haviv |
| 200 Park Avenue | 1155 Avenue of the Americas |
| New York, New York 10166 | New York, New York 10036 |
| Telephone: (212) 801-9200 | Telephone: (212) 819-8200 |
| Facsimile: (212) 801-6400 | Facsimile: (212) 354-8113 |
| silvermanw@gtlaw.com | dhille@whitecase.com |
| elliottj@gtlaw.com | khaviv@whitecase.com |

Brandon E. Roos
3773 Howard Hughes Pkwy
Suite 400 North
Las Vegas, NV 89169
Telephone (702) 792-3773
Facsimile: (702) 792-9002
roosb@gtlaw.com
*Appearing Pro Hac Vice*

Date: November 12, 2013

*Counsel for Plaintiff Ovation Live, Inc., d/b/a Ovation Live Entertainment*

Date: November 20, 2013

*Counsel for Revel Entertainment Group, LLC*

The parties shall comply with the Court's Individual Rules concerning the filing of documents under seal.

SO ORDERED:

Dated: January 6, 2014

/s/ Lorna G. Schofield
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

9

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
OVATION LIVE, INC., d/b/a OVATION LIVE
ENTERTAINMENT,

                Plaintiff,

             v.

REVEL ENTERTAINMENT GROUP, LLC.

                Defendant.
--------------------------------------------------------------- X

Case No. 1:12-cv-1460
(CBA)(SMG)

(ECF)

**CONFIDENTIALITY UNDERTAKING**

I, _____, do declare and state as follows:

1. My address is

2. My present employer is

3. My present occupation or job description is

4. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-entitled action on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

10

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action, and understand that if I violate the provisions of this Stipulation, I will be in violation of a Court Order and subject to sanction or other remedies that may be imposed by the Court.

Signature: _____

Name: _____

Dated: _____
